**Linda M. SPRINGER, Director, Office of Personnel Management, Petitioner,**

v.

**James R. ADKINS, Respondent.**

and

**Merit Systems Protection Board, Respondent.**

**Misc. No. 845.**

United States Court of Appeals, Federal Circuit.

April 3, 2007.

James R. Adkins, pro se.

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

ON PETITION FOR REVIEW

PROST, Circuit Judge.

*ORDER*

The Director of the Office of Personnel Management (OPM) petitions for review of a final order of the Merit Systems Protection Board. James R. Adkins and the Board did not respond.

## BACKGROUND

Adkins served in the U.S. Air Force, including three years and nine months of service as a fire protection specialist. After discharge, he accepted employment as a civilian federal firefighter. Adkins transferred from coverage under the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). On December 13, 2003, OPM approved Adkins' application for disability retirement.

In 2004, Adkins requested that his FERS disability annuity be changed or supplemented to reflect an enhancement for his service as a firefighter. Because Adkins was under the age of 50 at the time of his disability retirement and had served less than 25 years as a civilian firefighter, OPM denied his request for an enhanced annuity, pursuant to 5 U.S.C. § 8412(d).

Adkins moved for OPM to reconsider its initial decision. He argued that his years of military service as a fire protection specialist should have counted towards meeting his service criteria requirement. On March 24, 2005, OPM affirmed its initial decision. Adkins appealed to the Board. The Administrative Judge held that Adkins could not change his disability annuity to an enhanced firefighter annuity and that his years of military service could not be used to satisfy the requirements of 5 U.S.C. § 8412(d).

Adkins petitioned for Board review. On May 30, 2006, the Board denied his petition but sua sponte reopened the appeal and determined that Adkins' disability annuity had been originally miscalculated. Reassessing the appropriate calculation, the Board held that Adkins was entitled to an enhanced annuity. The Board relied on this court's decision in *Pitsker v. Office of Personnel Management,* 234 F.3d 1378 (Fed.Cir.2000), which held that under the CSRS statutory scheme, federal employees who retired on disability were entitled to the annuity calculated under the basic computation formula provision or a higher annuity calculated under an enhanced annuity provision that the employee would have otherwise qualified for had they reached the normal retirement age. *Id.* at 1384; *see also* 5 U.S.C. § 8337(a).

The Director petitioned the Board for reconsideration, asserting that (1) the Board acted beyond its jurisdiction by determining the matter on different grounds than decided by OPM; and (2) the Board erred in holding that *Pitsker* required OPM to give Adkins an enhanced annuity. On December 14, 2006, the full Board denied OPM's petition for reconsideration. The Board concluded that the issues were raised by Adkins and implicitly decided by OPM. The Board further concluded that the FERS and CSRS statutory schemes were similar enough for the holding of *Pitsker* to apply. Therefore, the Board determined that Adkins was entitled to an enhanced retirement annuity and denied the Director's petition for reconsideration.

## DISCUSSION

Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a Board decision when it determines that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. Here, OPM asserts that by expanding the court's holding in *Pitsker* from CSRS to FERS, the Board ignored material differences between the two statutory schemes, leading to conclusions that are inconsistent with Congress's intent. OPM further argues that the Board's decision will have a substantial impact upon the administration of FERS because it alters the method of computation for disability annuities for

most current and new employees, including firefighters, law enforcement officers, nuclear material couriers, and members of the Capitol or Supreme Court police.

This court must independently determine whether an exercise of our jurisdiction is warranted and whether OPM has shown the requisite substantial impact. *Devine v. Sutermeister,* 724 F.2d 1558, 1562 (Fed.Cir.1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. *See, e.g., King v. Hillen,* 21 F.3d 1572 (Fed.Cir. 1994); *Brook v. Corrado,* 999 F.2d 523 (Fed.Cir.1993); *Horner v. Schuck,* 843 F.2d 1368 (Fed.Cir.1988). We determine that OPM has demonstrated the requisite impact and that it is appropriate to grant OPM's petition.

Accordingly,

IT IS ORDERED THAT:

OPM's petition is granted.